UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


EMMA RUSH                                                                                      PLAINTIFF


        VS.                            Civil No. 2:17-cv-02126-PKH


STATE OF ARKANSAS, DEPARTMENT
OF WORKFORCE SERVICES AND OFFICIALS                                    DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Emma Rush ("Rush"), appearing *pro se*, filed a Motion for Leave to Proceed *In Forma Pauperis* (IFP) under 28 U.S.C. § 1915(a). (ECF No. 2). The motion was referred to the undersigned for report and recommendation. For the reasons explained below, the undersigned recommends denial of Rush's motion for leave to proceed IFP and dismissal of her complaint under 28 U.S.C. § 1915(e)(2)(B) as barred by *res judicata*.

### Background

Rush's present suit, which arises out of her employment dismissal from the State of Arkansas, Department of Workforce Services ("ADWS"), asserts the following two claims: violations of Americans with Disabilities Act (ADA) accommodations and Title VII of the Civil Rights Act. (ECF No. 1).

This Court is very familiar with the allegations in Rush's complaint, as she filed a virtually identical complaint in 2016 against the same Defendant. *See Rush v. Arkansas Department of Workforce Services*, Civil No. 2:16-cv-02255-PKH. Rush's 2016 case asserted failure to promote claims based on age, race and sex discrimination under the Age Discrimination in Employment Act (ADEA) and Title VII. That action was dismissed with prejudice on January 24, 2017 for

failure to exhaust administrative remedies, failure to state claims upon which relief could be granted, and as the ADWS is protected from suit by sovereign immunity.  Rush filed a notice of appeal from that dismissal on February 23, 2017, and her appeal is still pending before the Eighth Circuit Court of Appeals, Case No. 17-1457.  In her instant complaint, Rush also alleges she was terminated in retaliation for her previous action.

**Title 28 U.S.C. § 1915 and Res Judicata**

Section 1915(e)(2)(B) requires dismissal of an IFP complaint at any time if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Because Rush's instant complaint is almost identical to her dismissed 2016 complaint, *res judicata* bars her claims.

The doctrine of *res judicata* bars the re-litigation of claims litigated in a previous suit, as well as any claims that could have been litigated.  *See Carwell Elevator Co. v. Leathers*, 352 Ark. 381, 101 S.W.3d 211 (2003).  When a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.  *Id*.  *Res judicata* is only applicable, however, when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question.  *Cater v. Cater*, 311 Ark. 627, 846 S.W.2d 173 (1993).

Plaintiff's previous lawsuit was filed against the same Defendant, her former employer, as in the instant lawsuit, and it alleged age, race and sex discrimination claims under the ADEA and Title VII for failing to promote Plaintiff in December 2015.  The instant lawsuit alleges Plaintiff was terminated on August 18, 2016 in retaliation for filing the previous lawsuit, in violation of the ADA and Title VII.  Plaintiff's previous lawsuit was dismissed with prejudice after Plaintiff had a

2

fair and full opportunity to litigate her claims. *See Francis v. Francis*, 343 Ark. 104, 112, 31 S.W.3d 841, 846 (2000) ("Dismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial."). Moreover, Rush's previous lawsuit was filed on October 26, 2016, over two months after the alleged retaliatory termination, and her claim for retaliatory discharge could have been included in that lawsuit. Accordingly, *res judicata* bars Plaintiff's instant lawsuit.

The undersigned finds Plaintiff's IFP motion should be DENIED, and her Complaint should be DISMISSED WITH PREJUDICE.

## Conclusion

Based on the foregoing, it is recommended that Rush's Motion to Proceed IFP (ECF No. 2) be **DENIED**, and that her Complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 1st day of September 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE