IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EMMA RUSH                                                                                              PLAINTIFF

v.                                            No. 2:17-CV-02126

STATE ARKANSAS DWS and officials                                                       DEFENDANT

## ORDER

The Court has received a report and recommendation (Doc. 5) from United States Magistrate Judge Mark E. Ford. Plaintiff has filed objections (Doc. 8) to the report and recommendation. Plaintiff filed a motion for leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate analyzed the case, found that it was barred by the doctrine of res judicata, and recommended that it be dismissed with prejudice because it is frivolous, fails to state a claim, or seeks monetary relief from an immune defendant. Plaintiff's objection argues that this is a new case entirely, and it is not barred by res judicata.

Courts routinely use what is known as the "transactional test" to determine whether two lawsuits regard the same claim or cause of action. *See, e.g., Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401–02 (5th Cir. 2009) (affirming district court's res judicata determination under the "transactional test, which examines whether the two actions are based on the same nucleus of operative facts"); *cf. United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315–16 (2011) (addressing jurisdiction of the Court of Federal Claims, but describing the transactional test as "consistent with the doctrine of claim preclusion, or res judicata" and as "[t]he now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action"). Although the Court has not found Eighth Circuit authority explicitly stating that the transactional test is applied in res judicata cases, this Circuit's traditional prohibition against claim splitting in

analyzing res judicata issues implicitly adopts that test. *See, e.g., Carlisle Power Transmission Prods., Inc. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, Local Union No. 662*, 725 F.3d 864, 868 (8th Cir. 2013) (describing a defendant's agreement to allow a plaintiff to split claims as an exception to the doctrine of res judicata).

The instant lawsuit arises out of the same nucleus of operative facts as an earlier lawsuit Plaintiff filed before this Court. *See Rush v. Ark. Dep't of Workforce Serv.*, No 2:16-CV-02255 (filed Oct. 26, 2016). The Magistrate correctly determined that this case is the same case and is precluded by the judgment in No. 2:16-CV-02255, then rightly recommended dismissal of this action as frivolous or failing to state a claim.[1] Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings, and the report and recommendation is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that this case is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 21st day of September, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[1] The Court notes that if it were not dismissing this case § 1915(e)(2)(B) for frivolousness and failing to state a claim, it would then be required to dismiss the case for lack of subject matter jurisdiction. Addressing the merits of this case would require the Court to address the merits of Plaintiff's prior case, No 2:16-CV-02255. That case is currently on appeal to the Eighth Circuit Court of Appeals, and this Court has therefore been divested of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).